```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

| | |
|---|---|
| WILLIAM BROWN, et al., | |
| Plaintiffs, | |
| | Civil No. 08-3225 (RMB) |
| v. | |
| JEVIC, et al., | **OPINION & ORDER** |
| Defendants. | |

THIS MATTER comes before the Court upon its own motion.  On May 20, 2008, Defendants JEVIC Holding and JEVIC Transportation filed petitions for relief under Chapter 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  (Def. Removal at ¶1).  On May 27, 2008, Plaintiffs filed the above-captioned matter in the Superior Court of New Jersey, Burlington County.  (Compl., attached to Def. Removal as Ex. A).  Defendants removed the matter to this Court on June 27, 2008, pursuant to 28 U.S.C. §§ 1441 & 1452.  (Def. Removal).  The notice of removal states,

> [r]emoval of the action to this Court is proper pursuant to 28 U.S.C. §§ 157, 1334, 1412 and 1441, 11 U.S.C. § 362(a), and Fed. R. Bankr. P. 9027 because JEVIC Holding and JEVIC Transportation have filed petitions for relief in bankruptcy in the United States Bankruptcy Court for the District of Delaware . . . and because JEVIC Holding and JEVIC Transportation have cases pending against them in the United States Bankruptcy Court for the District of Delaware . . . .

(Id. at ¶5).

Defendants' removal is improper at this time.  The law is clear that "when an action is filed post-petition, in violation of the stay, the debtor must <u>wait until the stay is lifted</u> before filing a petition to remove."  <u>Easley v. Pettibone Michigan Corp.</u>, 990 F.2d 905, 908 (6th Cir. 1993); <u>see also</u> <u>In re Columbus Broadway Marble Corp.</u>, 84 B.R. 322, 326 (Banrk. E.D.N.Y. 1988)(noting that the Advisory Committee's Note to Bankruptcy Rule 9027(a)(3) "indicates that removal of post-petition actions applies to litigation <u>not stayed</u> by the Bankruptcy Code § 362(a) or by court order") (emphasis added).  Plaintiffs filed this action seven days after the automatic stay was put in place (i.e., when Defendants filed their petitions) and Defendants do not alleged that the stay has been lifted.

Moreover, by Defendants' own assertion, the Complaint is void <u>ab</u> <u>initio</u> because it "was filed in violation of the automatic stay."  (Def. Notice of Removal ¶10).  Thus, "inasmuch as . . . the action is void, the action is incapable of being removed in any event."  <u>In re Columbus Broadway Marble Corp.</u>, 84 B.R. at 326 n. 4) (denying defendants' removal application).

In sum, because the automatic stay has not been lifted and, therefore the underlying Complaint is not removable, removal is improper,

IT IS HEREBY **ORDERED** that the above-captioned matter is

2

**REMANDED** to the Superior Court of New Jersey - Law Division, Burlington County.


Dated: July 2, 2008                 s/Renée Marie Bumb
                                            RENÉE MARIE BUMB
                                            United States District Judge